# United States District Court

NORTHERN DISTRICT OF GEORGIA

ORIGINAL

Warrant
ISSUED AND DELIVERED
TO U.S. MARSHAL
BY: 12/4/08    DEPUTY CLERK

UNITED STATES OF AMERICA
v.

JEFFREY ALAN WASLEY

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:08-MJ-1437

FILED IN CHAMBERS
U.S.D.C. Atlanta
DEC 04 2008
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>July 17, 2008</u> in <u>Cobb</u> County, in the Northern District of Georgia defendant(s) did, *(Track Statutory Language of Offense)*

knowingly use, persuade, induce, entice, or coerce a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means; and

knowingly receive child pornography, that is, computer graphic images depicting children engaging in sexually explicit conduct, that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer,

in violation of Title <u>18</u> United States Code, Section(s) <u>2251 and 2252A</u>.

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

Please See Attached Affidavit

Continued on the attached sheet and made a part hereof.    (X) Yes    ( ) No

_____
Signature of Complainant
Timothy J. Griffin

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

December 4, 2008    at    Atlanta, Georgia
Date                         City and State

RUSSELL G. VINEYARD
United States Magistrate Judge              _Russell G. Vineyard_
Name and Title of Judicial Officer           Signature of Judicial Officer
AUSA Francey Hakes

I, Special Agent Timothy J. Griffin, being first duly sworn state:

1. I am employed as a Special Agent with the United States Secret Service. I am currently assigned to the Atlanta Field Office in Atlanta, GA. I have been a Special Agent of the Secret Service since September of 2002. Prior to that time I was employed with Fulton County Schools in Atlanta, GA. This affidavit will support a finding of probable cause to believe that Jeffrey Alan Wasley has committed an offense of producing and receiving child pornography in violation of Title 18, United States Code, Sections 2251 and 2252A.

I have attended training at the Federal Law Enforcement Training Center located in Glynco, GA. The training was for three months and consisted of training in legal procedures, and the proper techniques for investigating various crimes. Following this training, I attended the Secret Service Special Agent Training Course located in Beltsville, MD. This course spanned two months and reinforced proper investigative techniques previously learned at F.L.E.T.C., and also concentrated on investigations conducted by the Secret Service. This training included the investigation of counterfeit identification and counterfeit commercial checks. I have

also received training pertaining to the investigation of bank fraud, counterfeit currency, credit card fraud, and crimes involving computers and other electronic devices and the proper techniques for investigating various crimes.

2. I have learned the following based mostly upon information from detectives from the Cobb County Police Department, specifically, from Detective Eric Nichols.

3. On 07/14/08, Detective S.T. Gaynor, Cobb County Police Department's Crimes Against Children Unit, responded to the Target, located at 740 Ernest Barrett Parkway Kennesaw, GA 30144, in reference to two juvenile males who had disclosed that, on the same day, 7/14/08, a male subject had walked into the men's bathroom of the Target while the children were inside. The male subject spoke to the children and offered to tuck in their shirts into their pants. The juvenile males were 5 and 7 years of age. Another Target patron told the children's mother the male had taken photos of the children as they were leaving the Target store. The patron identified, from security camera photos, Jeffrey Alan Wasley as the man involved in the picture-taking. The children told their mother the man had taken down the pants of the 7 year-old. The 5 year-old told his mother that he

heard clicking noises like that of a camera. The mother later reported the incident to Target security and Cobb police.

4. Target security cameras captured a white male standing outside the restrooms at the relevant time on 7/14/08. This male was later identified as Jeffrey Alan Wasley. Mr. Wasley is shown to disappear as he walked toward the restrooms. A short time later, the two children walked toward the restrooms. Neither child had their shirts tucked in. When the children reemerged from the area of the restroom, one of them had his shirt tucked in. Mr. Wasley is then shown on the video to reemerge from the area of the restrooms.

5. As Mr. Wasley walked out of the Target store, he can be seen removing an object from his pocket or from a holder on his belt. The object appeared to be a cell phone or small camera.

6. While the mother and children were exiting the Target and walking into the parking lot, an unknown female, mentioned above, approached the mother of the two aforementioned children. This unknown female told the

mother that Mr. Wasley was taking pictures of her and her children as they were leaving the store. The mother never approached Mr. Wasley. Mr. Wasley began to walk away from the area when this unknown female approached the mother. Mr. Wasley then disappeared from the view of the surveillance camera.

7. Detective Gaynor conducted a forensic interview of both male children at the Safepath Children's Advocacy Center. The 7 year-old boy disclosed that the male in the restroom pulled down his pants to his ankles, and then pulled his pants back up, tucking in his shirt. The 7 year-old child was not wearing any underwear. The child also said that he, his brother, and the male were the only people in the restroom at the time of the indident.

8. The 5 year-old child disclosed that while he was urinating, a male was standing behind him. The 5 year-old juvenile stated that he heard clicking noises. The 5 year old described the clicking noises as a picture being taken with a camera. The child never saw a camera.

9. On 07/17/08, Latoya Drakeford, Target employee, notified Detective Gaynor that Mr. Wasley had come back into

the store. Ms. Drakeford viewed all the surveillance videos of the original incident that occurred on 07/14/08 and was able to identify Mr. Wasley. After Mr. Wasley made a purchase Mr. Wasley walked out of the store to his vehicle. Target Loss Prevention personnel followed Mr. Wasley into the parking lot where they were able to obtain the tag number from Mr. Wasley's vehicle. The tag number was Georgia 402HZB. A National Crime Information Center (NCIC) license plate inquiry was completed. The vehicle returned to a 1999 Toyota Corolla, white in color, to a Jeffrey Wasley at 1509 Carrie Trace, Kennesaw, GA 30144.

10. Detective Gaynor viewed the surveillance videos from 07/14/08 and 07/17/08. Detective Gaynor advised that the same male subject was seen on both of the videos. Mr. Wasley was wearing the same navy blue t-shirt that displayed an American flag on both videos.

11. After Detective Gaynor identified Mr. Wasley as his suspect, Detective Gaynor located a similar incident, which was documented under Cobb County Case #99149109 involving Mr. Wasley from back in 1999 at the AMC Theaters, located at 2600 Cobb Place Lane Kennesaw, GA 30144. The AMC Theaters are located near the Target store. In the 1999 incident,

Mr. Wasley reportedly gave a 13 year-old juvenile male $20.00. Mr. Wasley also reportedly told the 13 year-old that he could have more money if he went into the bathroom with him. Mr. Wasley was interviewed by Detective Bobby McGee, Cobb County Police Department. Mr. Wasley told Detective McGee that it was a misunderstanding. The case was later inactivated due to lack of evidence.

12. Detective Gaynor then prepared a search warrant affidavit for Mr. Wasley's residence and an arrest warrant affidavit for the arrest of Mr. Wasley for the offense of Child Molestation.

13. On 07/17/08 at 1659 hours, Sergeant B.A. Moore, Cobb County Police Department's Crimes Against Children Unit, and Detective Eric Nichols were conducting a pre-surveillance at Mr. Wasley's residence in anticipation of the search warrant and arrest warrant. Nichols observed Mr. Wasley exit his residence with a male child and enter the aforementioned Toyota Corolla. Mr. Wasley was detained before he could leave the area with the child. Once Detective Gaynor arrived at Mr. Wasley's residence with Cobb County Search Warrant Cobb County Arrest Warrant, Mr. Wasley was turned over to Detective Gaynor's custody.

14. Mr. Wasley was transported from his residence to the Crimes Against Children Unit by Cobb County Police Department's uniform bureau. Detective Gaynor and Detective C.B. Northen, Cobb County Police Department's Crimes Against Children Unit, conducted a video and audio-taped interview with Mr. Wasley. Mr. Wasley was read his Miranda Warnings and waived his rights to an attorney. Detectives positively identified Wasley as the person in the Target videos.

15. During the interview, Mr. Wasley admitted to being at the Target on the date of the incident and helping two young boys wash their hands. Mr. Wasley stated that he had to pick up the children by the hips in order for them to reach the soap dispenser. Mr. Wasley did not remember tucking in any of their shirts. Mr. Wasley stated that if the children's mother said it occurred, the mother made it up. However, Mr. Wasley stated that if the children said it happened, it probably happened because he said he likes to help kids.

16. Mr. Wasley discussed the incident that occurred in 1999 at the AMC Theaters. Mr. Wasley stated that he was at the theater recruiting juveniles for a youth group that Mr. Wasley was associated with. Mr. Wasley advised that he

approached the 13 year-old male child because he appeared to be hungry. Mr. Wasley stated that he gave the child $20.00 because that was the lowest bill denomination that he had on him at the time. Mr. Wasley stated that the request to go to the bathroom together was a misunderstanding. Mr. Wasley added that he was just probably looking for the bathroom and asked the child where it was located.

17. On 07/17/08, the Cobb County Search Warrant was executed at Mr. Wasley's residence, 1509 Carrie Trace Kennesaw, GA 30144, located in Cobb County. Cobb County Police Department's Crimes Against Children Unit personnel took part in the execution of the search warrant.

18. The following items were seized as part of that search warrant:

> Navy blue t-shirt with an American flag - This t-shirt was consistent with the Target surveillance videos.
> Two pairs of black shoes (sneakers and work shoes) - Mr. Wasley was wearing black shoes in both Target surveillance videos.
> E Machine computer (C 3060) - Serial #: CA751-200-02066
> Gateway computer (GT 4016) - Serial #: GCM64 110 52870
> Apple Macbook Laptop - Serial #: RM75136HZ5W

    Acer Laptop - Serial #: 2061514603709

    Polaroid disposable camera

    Kodak disposable camera

    Black target laptop computer bag

    Vista Quest digital camera - Serial #: 080500700

    Olympus FE210 Digital camera - Serial #: X61476511

    Motorola Cellular Telephone (Verizon) - (770)238-9705

    JVC Camcorder - Serial #: GZ-MG27U

    HP digital camera - Serial #: CN24C12104

    Verizon Cellular Telephone

    V-State jump drive

19. After the aforementioned items were placed into the Cobb County Police Department's evidence room, they were retrieved and released to Detective S. Bonner, Cobb County Police Department's High Tech Crime Squad. Detective Bonner conducted a forensic analysis of the 4 computers (E Machine, Gateway, Apple Macbook, and Acer). Detective Bonner began his forensic analysis of the computers on 07/28/08.

20. During the course of Detective Bonner's analysis of the E Machine computer, he located over 5,000 images of suspected child pornography. These images were located within the E Machine's hard drive. Some images appeared to

the examiner to be images from several previously identified series of child pornography. Based upon Detective Nichols training and experience as a crimes against children detective, he provided the following description of some of the images found: many images were of young boys, between the ages 8 and 16 years of age, engaging in masturbation, and posing nude with a focus on the genitals of the children.

21. Further forensic analysis of the E machine computer revealed numerous hits for key word Internet searches for child pornography that involved the terms "twink" and "lolita." Detective Bonner located over 2 million e-mails, some of which had headers for known child pornographic web sites. Of these e-mails, several of them were encrypted. One of the sites frequently visited on the computer was totse.com. The following is descriptions of what the totse.com web site offers:

> Internet Security and Privacy for Activists and Citizens - This is intended to be a very basic introduction to Internet security and privacy issues for activists and citizens. It is not meant to be an exhaustive text of all issues, nor does it deal with any issues in great depth. My intention is not to

teach the theoretical or technical basis for security on the Internet, but rather to enable the user to protect his/her security and privacy as quickly and easily as possible.

22. On 09/15/08, Detective S. Bonner, Cobb County Police Department's High Tech Crime Squad, provided information regarding this investigation via an e-mail. Detective Bonner located 6 videos on the E Machine that were taken with an Olympus FE210 camera. An Olympus FE210 camera was seized by Lieutenant C.L. Nerbonne during the execution of the Search Warrant at Wasley's residence. The Olympus camera was taken from the rear of Mr. Wasley's Toyota Corolla. The 6 videos found on the E Machine hard drive show in the time stamps that they were recorded, or created, on 07/04/08. Below is the time the videos were taken, along with a brief description:

17:50:59 - Depicts a juvenile male urinating in a public restroom

17:56:11 - Depicts a juvenile male urinating in a public restroom

18:56:36 - Depicts a juvenile male urinating in a public restroom

18:58:15 - Depicts a young male masturbating while sitting in a chair

19:24:34 - Depicts an adult female with 4 young children in public area of a public building, one of whom was later depicted urinating in a bathroom

19:34:22 - Depicts a juvenile male urinating in a public restroom

Each video of a child urinating depicts a male child who appears to detectives to be between 4 and 8 years of age, and shows the penis of each child. The video of the young male masturbating appears to detectives to be of a young male teen. On one of the above videos of one of the young children urinating, the video shows Wasley turning the video camera when the child looks at him, and clearly depicts Wasley's face in the shot after the shot of the child urinating.

23. On 09/26/08 at 1040 hours, Nichols contacted Mike H., Olympus customer service employee. Mike advised that all Olympus FE210 digital cameras are manufactured in China. Mike added that there are no digital camera manufacturing facilities in the United States. Mike generated case #696778 in order to document the telephone call. Therefore, the aforementioned videos appear to have been produced using

an Olympus FE210 digital camera that had been previously shipped or transported in interstate or foreign commerce.

24. Based on the above information I believe Jeffrey Alan Wasley has committed a violation of 18 U.S.C. § 2251 (using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means)and 18 U.S.C. § 2252A (receiving child pornography) and that a complaint should be issued for same.